# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALTON JULIAN DURING and CHARLES CLARK, | § | |
| *Plaintiffs*, | § | |
| v. | § | Civil Action No. 4:26-cv-677 |
| | § | Judge Mazzant |
| UMT GLOBAL LOGISTICS, LLC and JOHN DOE DRIVER, | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant UMT Global Logistics, LLC's ("UMT") Partial Motion to Dismiss Under Rule 12(b)(6) (the "Motion") (Dkt. #2). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a personal injury suit that arises out of a motor vehicle collision that occurred on October 8, 2025, on Interstate 35E in Farmers Branch, Texas (Dkt. #1-3 at ¶¶ 10–22). Plaintiffs allege that Defendant John Doe Driver ("Driver"), an employee of UMT, struck and sideswiped Plaintiffs' vehicle during an unsafe lane change (Dkt. #1-3 at ¶¶12–13). Plaintiffs allege that this caused damage to the right side of the vehicle and bodily injuries to Plaintiffs (Dkt. #1-3 at ¶13). Plaintiffs further allege that Defendant Driver caused the collision while working "under dispatch" for Defendant UMT and acting within the course and scope of his employment with UMT (Dkt. #1-3 at ¶¶ 17, 20–21).

On February 27, 2026, Plaintiffs filed their Original Petition in the 380th District Court of Collin County, Texas against Defendants Driver and UMT for claims of negligence against Driver,

respondeat superior against UMT, negligent entrustment against UMT, and negligent hiring, supervision, training, and retention against UMT (Dkt. #1-3 at ¶¶ 23–49). On June 18, 2026, UMT removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a) (Dkt. #1).

On June 24, 2026, Defendant UMT filed the present Motion, seeking dismissal of Plaintiffs' negligent entrustment and negligent hiring, supervision, training, and retention claims against UMT (Dkt. #2). Plaintiffs filed no response.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**ANALYSIS**

Defendant UMT argues that Plaintiffs' negligent entrustment and negligent hiring, supervision, training, and retention claims should be dismissed with prejudice because Plaintiffs' allegations consist entirely of conclusory legal assertions devoid of any factual content and fail to meet the plausibility standard required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (Dkt. #2 at p. 2). After reviewing Plaintiffs' Original Petition, the Court agrees with UMT that these claims do not meet the plausibility standard required by

Rule 12(b)(6); however, the Court finds dismissal with prejudice is inappropriate at this stage, considering the Court's scheduling order (Dkt. #10). Instead, the Court **ORDERS** Plaintiffs to file an Amended Complaint. If Plaintiffs fails to do so within thirty (30) days of this Order, the Court will **dismiss** Plaintiffs' negligent entrustment and negligent hiring, training, supervision, and retention claims **with prejudice**.

## I. Negligent Entrustment

Under Texas law, a plaintiff asserting a negligent entrustment claim must establish that (1) the defendant entrusted a vehicle to an unlicensed, incompetent, or reckless driver; (2) that the defendant knew or should have known the driver was unlicensed, incompetent, or reckless; (3) that the driver was negligent on the occasion in question; and (4) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). Knowledge of the driver's incompetency at the time of the entrustment is an essential element to establish negligence. *McDorman ex rel. Connelly v. Tex.-Cola Leasing Co.*, 288 F. Supp. 2d 796, 806 (citing *Briseno v. Martin*, 561 S.W.2d 794, 796 n.1 (Tex. 1977)). For UMT to be found liable, Driver's incompetence or recklessness must have existed at the time of UMT's entrustment because the act of entrusting a vehicle "necessarily takes place before the accident." *Huynh v. R. Warehousing & Port Servs., Inc.*, 973 S.W.2d 375, 378 (Tex. App.—Tyler 1998, no pet.).

To make a plausible claim for relief and survive UMT's Motion, Plaintiffs must have alleged facts that Driver had a history of driving habits and traffic violations that would exhibit a pattern of deviations from lawful and proper manner of vehicle operation that if UMT knew about, UMT should reasonably have anticipated that Driver would operate the entrusted vehicle in a wrongful

manner and thereby damage persons or property. *See Pesina v. Hudson*, 132 S.W.3d 133, 137–38 (Tex. App.—Amarillo 2004, no pet.)

Here, Plaintiffs allege no facts in their Original Petition that would show Driver had a history incompetence or recklessness that UMT knew about and reasonably should have anticipated that Driver would operate the entrusted vehicle in a wrongful manner that would lead to harm to others or property (*See* Dkt. #1-3 at ¶¶ 41–49). *See Pesina*, 132 S.W.3d at 137–38. The only factual allegations Plaintiffs make against UMT for these direct liability claims are that Driver was incompetent and/or reckless at the time of the accident through multiple violations of the TEXAS TRANSPORTATION CODE (*See* Dkt. #1-3 at ¶¶ 41–49). But, the incompetence or recklessness of Driver must have existed at the time of UMT's entrustment, not only at the time of the accident. *See Huynh*, 973 S.W.3d at 378.

Furthermore, on the knowledge requirement, Plaintiffs' Original Petition alleges only that "UMT knew or should have known Defendant Driver was an incompetent and/or reckless driver at the time of entrustment" without additional factual support. This allegation is a threadbare recital of the elements of a negligent entrustment cause of action, supported by conclusory statements and insufficient to survive UMT's Motion. *See Iqbal*, 556 U.S. at 678.

Therefore, Plaintiffs' Original Petition, with respect to their negligent entrustment claim, does not allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Id.* (quoting *Twombly*, 550 U.S. at 570).

## II. Negligent Hiring, Supervision, Training, and Retention

Under Texas law, the elements of a negligent hiring, supervision, training, and retention claim are duty, breach of that duty, and damages proximately caused by the breach. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). An employer owes a duty to ascertain the

qualifications and competence of the employees it hires, "especially where the occupation at issue could cause hazard to others or requires skilled or experienced persons," and is liable "if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). Negligence in hiring requires that UMT failed to investigate, screen, or supervise Driver and that failure proximately caused Plaintiffs' alleged injuries. *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (citation omitted). Plaintiffs cannot succeed on a negligent hiring claim where an investigation would not have revealed the risk. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240–41 (Tex. 2010) (citations omitted).

Here, Plaintiffs again do not make factual allegations that would plausibly support the elements of a negligent hiring claim (*See* Dkt. #1-3 at ¶¶ 43–49). Instead, Plaintiffs allege threadbare recital of the elements of a negligent hiring cause of action, supported by conclusory statements, which are insufficient to survive UMT's Motion (*See* Dkt. #1-3 at ¶¶ 43–49). *See Iqbal*, 556 U.S. at 678.

Therefore, Plaintiffs' Original Petition, with respect to their negligent hiring claim, does not allege sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Id.* (quoting *Twombly*, 550 U.S. at 570). However, Plaintiffs should be given a chance to amend.

## CONCLUSION

It is therefore **ORDERED** that Defendant UMT's Partial Motion to Dismiss Under Rule 12(b)(6) (Dkt. #2). is hereby **DENIED**.

Accordingly, it is further **ORDRED** that Plaintiffs must file an Amended Complaint within thirty (30) days of this Order. If Plaintiffs do not file an Amended Complaint within thirty (30) days of this Order, the Court will **dismiss** Plaintiffs' negligent entrustment (Count VIII of the Original Petition) and negligent hiring, supervision, training, and retention (Count IX of the Original Petition) claims **with prejudice**.

**IT IS SO ORDERED.**

**SIGNED this 8th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE